IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUMAYUN MANZOOR,

Plaintiff, No. 2:12-cv-1183 GEB GGH PS

vs.

TRAVIS CREDIT UNION,

Defendant. ORDER

_______________________________/

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). (See Dkt. No. 3.) Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

According to the complaint and documents attached to the complaint (see dkt. no. 1), plaintiff is an individual older than 40[1] who applied online for a credit specialist (senior

---

[1] According to the EEOC Charge of Discrimination submitted with the complaint, plaintiff was 64 years old as of June 29, 2010.

collector) position with defendant Travis Credit Union in Fairfield, California in or about June 2009 and again in or about December 2009. Defendant did not respond to the first application, but on May 3, 2010, plaintiff received a form electronic mail message stating that defendant had received his application and would contact plaintiff if plaintiff's qualifications matched defendant's needs. Since then, plaintiff has had no further contact with defendant.

Plaintiff states that he holds two degrees (a Bachelor of Arts in English from the University of Peshawar in Pakistan and a Bachelor of Science in Business Administration from Northeastern Illinois University in Chicago) and worked for four years at the Fairfield office of Providian Financial Corporation (now JP Morgan Chase), but was laid off due to company downsizing. Plaintiff contends that he was discriminated against due to his age when defendant failed to hire him. He claims that he knows "a girl" [his words] (Ms. Rabia) who is about 22 years old, attends UC Davis, and has no banking experience, but was still hired by defendant as a personal banker because she is young.

Attached to plaintiff's complaint is a U.S. Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination dated June 29, 2010. In the EEOC Charge of Discrimination, plaintiff alleged discrimination based on his age. Subsequently, on April 10, 2012, the EEOC dismissed plaintiff's charge, stating that:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

The notice also advised plaintiff that he should file any lawsuit based on his age discrimination claim within 90 days of receipt of the notice. Plaintiff then commenced this action on May 2, 2012, alleging a claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA").

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). These prohibitions apply to "individuals who are at least 40 years of age." 29 U.S.C. § 631(a). See also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280 (9th Cir. 2000). "A plaintiff alleging discrimination under the ADEA may proceed under two theories of liability: disparate treatment or disparate impact. Proof of disparate treatment requires a showing that the employer treats some people less favorably than others because of their age. In contrast, discriminatory motive or intent need not be shown under a disparate impact theory, which challenges facially neutral employment practices which have a discriminatory impact. However, under the latter theory the plaintiff must actually prove the discriminatory impact at issue, rather than merely an inference of discriminatory impact." Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990) (citations omitted).

In this case, it seems clear that plaintiff is proceeding under a disparate treatment theory and not under a disparate impact theory. Plaintiff does not point to a facially neutral hiring practice by defendant that has a discriminatory impact – instead, plaintiff essentially alleges that defendant intentionally failed to hire him because of his age, i.e. that defendant engaged in disparate treatment on the basis of age.

In an ADEA case, "[a] plaintiff must first establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994) (citation omitted).

To establish a prima facie case of discrimination under the ADEA on a theory of disparate treatment, plaintiff must show that (1) he was within the protected class of individuals, i.e. at least 40 years of age; (2) he applied for a position for which he was qualified; (3) he was not hired; and (4) a substantially younger person with similar (or lesser) qualifications received

the position. Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir. 1987); Pusa v. Holder, 341 Fed. App'x 318, 319 (9th Cir. 2009).

However, a plaintiff is not required to establish a prima facie case in the complaint, because the prima facie case in the discrimination context "is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002).[2] Instead, "the ordinary rules for assessing the sufficiency of a complaint apply." Id. at 511. Twombly and Iqbal nevertheless clarified and made more stringent the rules for assessing the sufficiency of a complaint, and courts have recognized that the elements of a prima facie case "are nonetheless relevant to the court's analysis of the sufficiency of the complaint." O'Donnell v. U.S. Bancorp Equipment Finance, Inc., 2010 WL 2198203, at *3 (N.D. Cal. May 28, 2010); Sablan v. A.B. Won Pat Int'l Airport Authority, 2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010). After citing several other district court cases in the Ninth Circuit that have ostensibly employed this approach, one court noted:

> Common to all these cases is the recognition that although the elements of a *prima facie* employment discrimination case constitute an evidentiary standard, not a pleading requirement, *Twombly* and *Iqbal* have indisputably pushed pleading standards a bit back in the direction of fact pleading. Courts therefore *must* look at a complaint in light of the relevant evidentiary standard, in order to decide whether it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The idea, then, is not that *Swierkiewicz* has been overruled, but rather that, after *Twombly* and *Iqbal*, an employment discrimination plaintiff must get closer to alleging a *prima facie* case than was necessary a few years ago.

Sablan, 2010 WL 5148202, at *4.

---

[2] Even on a motion for summary judgment, "[t]he requisite degree of proof necessary to establish a prima facie case for . . . ADEA claims . . . is minimal and does not even need to rise to the level of a preponderance of the evidence. The plaintiff need only offer evidence which gives rise to an inference of unlawful discrimination. The amount of evidence that must be produced in order to create a prima facie case is 'very little.' Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." Wallis, 26 F.3d at 889 (citations and internal quotations omitted).

Here, despite the minimal requirements to plead an ADEA claim under a theory of disparate treatment, plaintiff's complaint fails to state a claim upon which relief can be granted. At least for purposes of screening under 28 U.S.C. § 1915, plaintiff adequately alleges that he was over 40 years of age, that he was qualified for the positions he applied for (based on his degree in business administration and past work experience in finance), and that he was not hired by defendant. However, plaintiff entirely fails to allege any facts suggesting that a substantially younger person with similar (or lesser) qualifications received the positions he applied for. Plaintiff does not even allege that these positions were ultimately filled by defendant. Plaintiff's allegations regarding a 22-year old Ms. Rabia, whom defendant purportedly hired as a personal banker despite having no banking experience, are irrelevant, because she was hired for a different position with potentially different job requirements. Moreover, there is no indication that Ms. Rabia and plaintiff were competing for the same position. To state a viable claim, plaintiff must allege, if he can do so in good faith, facts plausibly suggesting that a substantially younger person with similar (or lesser) qualifications received the positions he applied for.

Accordingly, the court will dismiss plaintiff's complaint, but with leave to amend. If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

Finally, plaintiff is advised to again attach copies of all written claims or charges of discrimination filed with the EEOC or the California Department of Fair Employment and Housing ("DFEH") as exhibits to any amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (dkt. no. 3) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted 28 days from the date of service of this order to file an amended complaint in accordance with this order curing the deficiencies outlined above. The amended complaint shall bear the docket number assigned to this case and shall be labeled "First Amended Complaint." Plaintiff must file an original and two copies of any amended complaint.

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: June 12, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Manzoor.1183.ifp-lta.wpd