1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  HUMAYUN MANZOOR,

11            Plaintiff,              No. 2:12-cv-1183 GEB GGH PS

12       vs.

13  TRAVIS CREDIT UNION,

14            Defendant.              FINDINGS AND RECOMMENDATIONS

15  _____/

16            Plaintiff is proceeding pro se and in forma pauperis in this action, which was

17  referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

18  After the court screened and dismissed plaintiff's original complaint with leave to amend (see

19  dkt. no. 4), plaintiff filed a first amended complaint on June 20, 2012.  (Dkt. No. 5.)

20            Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any

21  time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

22  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

23  an immune defendant.  A claim is legally frivolous when it lacks an arguable basis either in law

24  or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

25  1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based

26  on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

1   Neitzke, 490 U.S. at 327.

2           To avoid dismissal for failure to state a claim, a complaint must contain more than

3   "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a

4   cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

5   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

6   statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

7   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

8   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

9   draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

10  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

11  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

12  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

13  Rhodes, 416 U.S. 232, 236 (1974).

14          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

15  520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it

16  is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in

17  forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.

18  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

19          According to the first amended complaint and attached documents (see dkt. no. 5),

20  plaintiff is an individual older than 40[1] who applied online for a credit specialist (senior

21  collector) position with defendant Travis Credit Union in Fairfield, California in or about June

22  2009 and again in or about December 2009.  Defendant did not respond to the first application,

23  but on May 3, 2010, plaintiff received a form electronic mail message stating that defendant had

24  received his application and would contact plaintiff if plaintiff's qualifications matched

25  _____

26  [1] According to the EEOC Charge of Discrimination submitted with the first amended complaint, plaintiff was 64 years old as of June 29, 2010.

2

1  defendant's needs.  Since then, plaintiff has had no further contact with defendant.

2        Plaintiff holds two degrees (a Bachelor of Arts in English from the University of

3  Peshawar in Pakistan and a Bachelor of Science in Business Administration from Northeastern

4  Illinois University in Chicago).  He alleges that he came to the United States in 1972 and worked

5  here for over 35 years (of which 20 years were in California).  He further states that he worked

6  for four years at the Fairfield office of Providian Financial Corporation (now JP Morgan Chase),

7  but was laid off due to company downsizing.  Thereafter, he worked as a security officer until a

8  car accident in March 2007 rendered him disabled.  According to plaintiff, he underwent physical

9  therapy and is now again able to walk and drive a car.  This, along with his financial hardship

10  resulting from the hospitalization and related debt, prompted him to find a job.

11        Plaintiff contends that he was discriminated against due to his age when defendant

12  failed to hire him.  He claims that he knows of, in his words, three "girls" who worked for

13  defendant in the past: (1) Ms. Nira Malik "who joined Travis Credit Union in 2003 after high

14  school graduation but later on quit her job in order to work for her dad's business"; (2) Ms. Rabia

15  Farooqi, "who is still working for Travis Credit Union"; and (3) Ms. Halla Baig "who joined

16  Travis Credit Union in 2010 but later changed jobs and joined JP Morgan at their Davis

17  branch...She works part time and goes to college."  (Dkt. No. 5 at 2-3.)

18        Attached to plaintiff's first amended complaint is a U.S. Equal Employment

19  Opportunity Commission ("EEOC") Charge of Discrimination dated June 29, 2010.  (Dkt. No. 5

20  at 11.)  In the EEOC Charge of Discrimination, plaintiff alleged discrimination based on his age.

21  (Id.)  Subsequently, on April 10, 2012, the EEOC dismissed plaintiff's charge, stating that:

22      Based upon its investigation, the EEOC is unable to conclude that
    the information obtained establishes violations of the statutes.  This

23      does not certify that the respondent is in compliance with the
    statutes.  No finding is made as to any other issues that might be

24      construed as having been raised by this charge.

25  (Dkt. No. 5 at 13.)  The notice also advised plaintiff that he should file any lawsuit based on his

26  age discrimination claim within 90 days of receipt of the notice.  (Id.)  Plaintiff then commenced

1  this action on May 2, 2012, alleging a claim of age discrimination under the Age Discrimination

2  in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA").

3          In its previous screening order, the court observed that the ADEA makes it

4  unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise

5  discriminate against any individual with respect to his compensation, terms, conditions, or

6  privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  These

7  prohibitions apply to "individuals who are at least 40 years of age."  29 U.S.C. § 631(a); see also

8  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280 (9th Cir. 2000).  "A plaintiff alleging

9  discrimination under the ADEA may proceed under two theories of liability: disparate treatment

10 or disparate impact.  Proof of disparate treatment requires a showing that the employer treats

11 some people less favorably than others because of their age.  In contrast, discriminatory motive

12 or intent need not be shown under a disparate impact theory, which challenges facially neutral

13 employment practices which have a discriminatory impact.  However, under the latter theory the

14 plaintiff must actually prove the discriminatory impact at issue, rather than merely an inference

15 of discriminatory impact."  Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990)

16 (citations omitted).

17         The court noted that it was clear that plaintiff is proceeding under a disparate

18 treatment theory and not under a disparate impact theory in this case.  Plaintiff does not point to a

19 facially neutral hiring practice by defendant that has a discriminatory impact – instead, plaintiff

20 essentially alleges that defendant intentionally failed to hire him because of his age, i.e. that

21 defendant engaged in disparate treatment on the basis of age.

22         The court further explained that, in an ADEA case, "[a] plaintiff must first

23 establish a prima facie case of discrimination.  If the plaintiff establishes a prima facie case, the

24 burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its

25 employment decision.  Then, in order to prevail, the plaintiff must demonstrate that the

26 employer's alleged reason for the adverse employment decision is a pretext for another motive

4

which is discriminatory." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994) (citation omitted).

To establish a prima facie case of discrimination under the ADEA on a theory of disparate treatment, plaintiff must show that (1) he was within the protected class of individuals, i.e. at least 40 years of age; (2) he applied for a position for which he was qualified; (3) he was not hired; and (4) a substantially younger person with similar (or lesser) qualifications received the position. Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir. 1987); Pusa v. Holder, 341 Fed. App'x 318, 319 (9th Cir. 2009).

However, a plaintiff is not required to establish a prima facie case in the complaint, because the prima facie case in the discrimination context "is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002).[2]  Instead, "the ordinary rules for assessing the sufficiency of a complaint apply." Id. at 511. Twombly and Iqbal nevertheless clarified and made more stringent the rules for assessing the sufficiency of a complaint, and courts have recognized that the elements of a prima facie case "are nonetheless relevant to the court's analysis of the sufficiency of the complaint." O'Donnell v. U.S. Bancorp Equipment Finance, Inc., 2010 WL 2198203, at *3 (N.D. Cal. May 28, 2010); Sablan v. A.B. Won Pat Int'l Airport Authority, 2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010).  After citing several other district court cases in the Ninth Circuit that have ostensibly employed this approach, one court noted:

> Common to all these cases is the recognition that although the elements of a *prima facie* employment discrimination case constitute an evidentiary standard, not a pleading requirement, *Twombly* and *Iqbal* have indisputably pushed pleading standards a

---

[2]  Even on a motion for summary judgment, "[t]he requisite degree of proof necessary to establish a prima facie case for . . . ADEA claims . . . is minimal and does not even need to rise to the level of a preponderance of the evidence.  The plaintiff need only offer evidence which gives rise to an inference of unlawful discrimination.  The amount of evidence that must be produced in order to create a prima facie case is 'very little.'  Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." Wallis, 26 F.3d at 889 (citations and internal quotations omitted).

> bit back in the direction of fact pleading. Courts therefore *must*
> look at a complaint in light of the relevant evidentiary standard, in
> order to decide whether it contains sufficient factual matter,
> accepted as true, to state a claim to relief that is plausible on its
> face. The idea, then, is not that *Swierkiewicz* has been overruled,
> but rather that, after *Twombly* and *Iqbal*, an employment
> discrimination plaintiff must get closer to alleging a *prima facie*
> case than was necessary a few years ago.

Sablan, 2010 WL 5148202, at *4.

        In light of the authorities discussed above, the court previously dismissed plaintiff's original complaint with leave to amend. The court reasoned that, despite the minimal requirements to plead an ADEA claim under a theory of disparate treatment, plaintiff's original complaint failed to state a claim upon which relief could be granted. Although plaintiff alleged that he was over 40 years of age, that he was qualified for the positions he applied for (based on his degree in business administration and past work experience in finance), and that he was not hired by defendant, plaintiff entirely failed to allege any facts suggesting that a substantially younger person with similar (or lesser) qualifications received the positions he applied for. Plaintiff did not even allege that these positions were ultimately filled. The court further explained that the allegations regarding a 22-year old "Ms. Rabia," whom defendant purportedly hired as a personal banker despite having no banking experience, are irrelevant, because she was hired for a different position with potentially different job requirements. Moreover, there was no indication that "Ms. Rabia" and plaintiff were competing for the same position. Plaintiff was advised that, to state a viable claim, plaintiff must plead facts plausibly suggesting that a substantially younger person with similar (or lesser) qualifications received the *positions he applied for.*

        Plaintiff's first amended complaint fails to cure any of the highlighted deficiencies. Importantly, plaintiff still fails to plead facts suggesting that a substantially younger person with similar (or lesser) qualifications received the positions he applied for. As before, plaintiff does not even allege that these positions were ultimately filled. Indeed, the positions

1    may never have been filled or may have been eliminated.

2           Although plaintiff's first amended complaint contains additional allegations

3    regarding other younger females who at one time or another worked for defendant, plaintiff fails

4    to allege any connection between these individuals and the actual positions he applied for.

5    Presumably to address the court's observation regarding the irrelevancy of plaintiff's prior

6    allegations concerning "Ms. Rabia's" employment in a different position with different job

7    requirements, plaintiff now asserts that he was competing with these younger females because

8    employees in the banking industry typically work in all departments and all the different

9    positions of the bank.  Plaintiff's contentions that all positions at Travis Credit Union are

10   essentially alike and that any employee can work in any position after initial training are entirely

11   speculative and implausible.  Founded on factual contentions that are clearly baseless, the claim

12   is also frivolous.  Neitzke, 490 U.S. at 327.

13          For the reasons outlined above, the first amended complaint fails to state an

14   ADEA claim under a theory of disparate treatment.  Although the court previously outlined the

15   applicable law and provided plaintiff with an opportunity to cure the highlighted deficiencies in

16   his complaint, plaintiff failed to do so.  Accordingly, the court concludes that further leave to

17   amend at this juncture would be futile.

18          In accordance with the above, IT IS HEREBY RECOMMENDED that:

19          1.  The action be DISMISSED WITH PREJUDICE; and

20          2.  The Clerk of Court be directed to close this case.

21          These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

23   days after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26   shall be served and filed within fourteen days after service of the objections.  The parties are

1   advised that failure to file objections within the specified time may waive the right to appeal the

2   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: July 16, 2013

4                                           <u>  /s/ Gregory G. Hollows  </u>

5                               UNITED STATES MAGISTRATE JUDGE

6

7   GGH/wvr
    Manzoor.1183.fr.wpd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26